COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report: June 14, 2017
Submitted: June 9, 2017

Daniel L. Tabb, Jr.                    *via FSX and 1st Class Mail*
Dana L. Tabb
202 East Wayne Way
Middletown, DE 19709

David A. Dorey
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801

Re:    *Tabb v. The Bank of New York Mellon*
       C.A. No. 2017-0016-MTZ

Dear Counsel and Litigants:

In this case, homeowners seek to quiet title with regard to a residential mortgage. I write to address plaintiffs' pending motion for default judgment and the hearing thereon currently scheduled for Monday, June 19, 2017. As background, plaintiffs filed their Verified Complaint for Quiet Title on January 12, 2017, and filed an affidavit showing service on March 8, 2017.[1] Plaintiffs filed a motion for default judgment on March 28, 2017, and on April 20, 2017, this Court

---

1 Docket Items ("DI") 1, 14.

scheduled a hearing on that motion.[2] Counsel for defendant entered their appearance on May 4, 2017, and filed a notice of intention to appear at the motion on May 9, 2017.[3] On June 9, 2017, defendant filed a motion to dismiss and a brief in opposition to the pending motion for default judgment.[4] For the reasons that follow, I recommend the Court deny plaintiffs' motion for default judgment and that the parties submit a briefing schedule for defendant's motion to dismiss.

Court of Chancery Rule 55(b) permits the Court to enter a default judgment when a defendant has failed to appear, plead or otherwise defend. That rule is permissive, not mandatory, and gives the Court discretion to decide whether to enter a default judgment based on the particular set of facts before it.[5] Entry of a default judgment is an "extreme remedy" that "requires the existence of a willful or conscious disregard for the rules of the Court."[6] Where a defendant admits to failing to file a timely answer but does participate in the proceedings, and where the plaintiff has not presented any prejudice from any delay, the defendant's lax participation may not warrant imposition of the extreme remedy of a default judgment in the early stages of litigation.[7]

---

2 DI 15, 20.
3 DI 21, 22.
4 DI 23, 24.
5 *Greystone v. Alvarez*, 2007 WL 2088859, at *2 (Del. Ch. July 20, 2007).
6 *Id.* (internal quotation omitted).
7 *Id.* at *3-4.

Default judgment is not warranted in this case. While defendant failed to file a timely answer, defendant explained its difficulty in obtaining conflict-free counsel. Defendant responded to the motion for default judgment promptly, substantively, and in a manner that advances the litigation. Plaintiffs filed the motion for default judgment exactly twenty days after the defendant was served. Plaintiffs have shown no prejudice from defendant's slight delay.

For the foregoing reasons, plaintiffs' motion for default judgment is denied and the hearing thereon is cancelled. The parties shall confer on a briefing schedule for the motion to dismiss; if no stipulated scheduling order is received within twenty days, the Court will enter one.

This is a final report pursuant to Court of Chancery Rule 144. The period for taking exceptions is stayed until a final report is issued on the motion to dismiss.

Respectfully,

*/s/ Morgan T. Zurn*

Master in Chancery